

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

GROVER SELLERS
XWIIXXWIXSONX
ATTORNEY GENERAL

Honorable R. S. Wyche
County Auditor
Gregg County
Longview, Texas

Dear Mr. Wyche:

Opinion No. O-6007

Re: Liability of a depository bank
for paying out the public funds
upon duly drawn checks bearing
forged endorsements of payee,
under the facts stated.

Your request for a legal opinion upon the above subject matter is as follows:

"In 1943 and 1944 the payrolls of Gregg County were padded. Checks were drawn in favor of certain individuals who actually did no work and who never received the check. The payrolls were also padded with regard to rental of trucks. The person to whom the checks were written never received them and never endorsed them, nor authorized anyone to endorse them in both cases. Two persons were indicted by the Grand Jury for forgery. One has been convicted and some 26 cases are pending against these persons. The total amount of the forgeries exceeds $11,000.00.

"These warrants were drawn in favor of these persons and were to be paid by the Depository Bank. A bank at Gladewater accepted most of these forged checks and, in turn, collected the money from the Depository Bank. May a Depository Bank and the other bank be sued for recovery of these various sums of money?

"Please give me your opinion as to whether or not a Depository Bank is wholly responsible, or both banks."

Undoubtedly, the depository bank is liable to the county for any loss sustained by it through the payment of a check bearing a forged endorsement of the name of the payee.

There is a contract relation existing between the county and its depository bank, the essence of which relation, so far as the depository's liability is concerned, is that it will safely keep the funds of the county and disburse them only upon the order of the county authorities duly drawn. Any disposition of the funds, otherwise than to the

properly-drawn order of the county, would be a violation of its duty as a bank, and any payment, therefore, to one other than the payee in the county's order, would render the bank liable for any loss therefrom. In other words, in making such unauthorized payment, the bank would be paying out its own money and not the county's money, and would have no right to charge the county's account.

The general rule throughout the country is thus expressed in Corpus Juris Secundum, Vol. 9, p. 734, ◊ 356:

"Since, under the contract between a bank and its depositor, the bank is bound to pay checks only to persons designated by the depositor, supra, ◊ 340, it becomes the duty of the bank to its depositor, at its peril, to determine the genuineness of the indorsements on his checks and pay only where they are genuine. Where a bank actually pays a check bearing a forged indorsement, such payment, of course, does not discharge the bank's obligations to the drawer; in legal contemplation it is considered that the bank has paid out its own funds rather than those of the drawer. Accordingly, the bank has no right to charge the depositor's account with the amount of such a payment; and if the bank does so, regardless of its good faith, or freedom from negligence, it will be liable to the drawer, ***."

As to the intermediary bank mentioned by you it is also liable, and may be sued by the county at the county's election.

In Fidelity & Deposit Co. of Maryland v. Fort Worth National Bank, 65 S.W. (2) 276, the Supreme Court adopted an opinion by the then Commission of Appeals in which the very question was presented, saying:

"Though there is some authority to the contrary, the great weight is on the side which holds that a collecting bank which accepts a check on another bank on a forged indorsement acquires no title thereto, and holds the proceeds thereof, when collected from the drawee bank, for the rightful owner, who may recover from the collecting bank as for money had and received, even though such bank has fully paid over and accounted for the same to the forger without knowledge or suspicion of the forgery. Michie on Banks and Banking, pp. 522, 523, and 524. See, also, annotations under note 79, p. 524, same authority. Of course, the right of the payee or rightful owner to recover on this class of checks from the collecting bank is conditioned on the absence of any fault or laches on his part, and on the absence of a ratification of the forged or unauthorized indorsement by him. ***"

The case of Home Indemnity Co. v. State Bank of Fort Dodge, (Iowa) 8 N. W. (2) 757, has a very thorough and exhaustive discussion of the question citing and quoting numerous cases throughout the country, and holds to the same effect as to the liability of the intermediary bank.

The liability of such intermediary bank is not predicated upon any theory of relation of depositor and bank, but on the contrary, is predicated upon the theory of conversion, or as for money had and received.

We call your attention, however, to the possible danger that the county by a suit against the intermediary bank might waive its right to sue the depository drawee bank. We do not decide this question, however.

In the event the county should elect to sue the depository bank, undoubtedly that bank would vouch in the intermediary bank upon its guarantee of prior endorsements, under the uniform custom of banks guaranteeing the genuineness of all prior endorsements.

There could be a possible situation where neither bank would be liable. We refer to a case where the check or checks involved were knowingly drawn, payable to a fictitious person and not to a definitely - contemplated person as payee. The endorsement of such check by another in the name of the fictitious person would not make the depository bank liable, neither would it make the intermediary bank liable, for the simple reason that a check thus made, payable to a fictitious person is in law a "bearer" check, which the depository bank, or any other bank may with impunity pay to any one presenting it. In such a case the bank, whether depository or intermediary, would be entirely within its right to pay the check, and would not be liable to the county for any loss sustained by reason of such payment out of the county's funds. See Zollman, Banks and Banking, Vol. 6, () 3361.

It is hardly necessary to add that in any event the individual or individuals forging such endorsements would be personally liable for any loss sustained by the county.

We trust that what we have said satisfactorily answers your inquiry.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By  S/Ocie Speer
Ocie Speer
Assistant

OS-MR-wc
APPROVED OCT. 10, 1946 s/Harris Toler FIRST ASSISTANT ATTORNEY GENERAL
Approved Opinion Committee By BWB Chairman